UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

                          Petitioner,

        v.

DAVID FLYNN,[1]

                          Respondent.

CASE NO. 3:19-CV-5155-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: December 13, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner George O. Mitchell filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court civil commitment. *See* Dkt. 5. The Court concludes Petitioner has standing to bring this Petition; however, the Petition is moot. Regardless, the state court's adjudication of the sole ground raised in the Petition was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the undersigned recommends the Petition be denied and a certificate of appealability not be issued.

---

[1] Beginning June 1, 2019, David Flynn became the Chief Executive Officer at the Special Commitment Center. *See* Dkt. 14, p. 1 n.1. Therefore, Mr. Flynn is the proper respondent in this action. *See* Fed. R. Civ. P. 25(d).

## I.    Background

In 2003, Petitioner was civilly committed as a sexually violent predator ("SVP") pursuant to Revised Code of Washington ("RCW") 71.09 and placed in the custody of the Department of Social and Health Services at the Special Commitment Center ("SCC"). Dkt. 15-1. Under RCW 71.09.070, Petitioner is subject to annual reviews to determine whether he continues to meet the statutory commitment criteria. Following the annual review, Petitioner is entitled to a show cause hearing to determine whether probable cause exists to warrant a hearing on whether his condition has so changed to order an unconditional release hearing. RCW 71.09.090(2).

Petitioner underwent an annual review in December of 2016. Following the 2016 annual review, on January 27, 2017, the Pierce County Superior Court ("state superior court") held a show cause hearing ("2017 show cause hearing"). *See* Dkt. 15-8. The state superior court concluded Petitioner continued to meet the definition of an SVP and found Petitioner had not shown probable cause for an unconditional release trial. Dkt. 15-7. The state superior court continued Petitioner's civil commitment. *Id*. at p. 4.

Petitioner sought discretionary review of the state superior court's order in the Court of Appeals of the State of Washington ("state court of appeals"). Dkt. 15-11. The commissioner of the state court of appeals denied the motion for discretionary review. Dkt. 15-13. Petitioner moved to modify the commissioner's ruling, which the state court of appeals denied. Dkt. 15-14, 15-16. Petitioner then sought discretionary review in the Supreme Court of the State of Washington ("state supreme court"). Dkt. 15-18. The commissioner of the state supreme court denied the motion for discretionary review on January 25, 2018. Dkt. 15-20. Petitioner's motion to modify the commissioner's ruling was denied on April 4, 2018. Dkt. 15-23; *see also* Dkt. 15-21.

1    On February 27, 2019, Petitioner filed his Petition (Dkt. 1) raising the following ground:

2    RCW 71.09.090(4) is unconstitutional as applied to Petitioner because it violates
      his Fourteenth Amendment due process rights by prohibiting Petitioner from
3    seeking a conditional release trial based on his age-related decline in risk.

4    On May 13, 2019, Respondent filed, and served on Petitioner, an Answer. Dkt. 14, 15. In the

5    Answer, Respondent asserts Petitioner lacks standing to pursue this claim and argues the state

6    court's adjudication of Ground 1 was not contrary to, or an unreasonable application of, clearly

7    established federal law. Dkt. 14. Petitioner filed a Response to the Answer. Dkt. 17. The Court

8    directed Respondent to file a reply to address new issues raised Petitioner's Response. Dkt. 19.

9    On August 16, 2019, Respondent filed a Reply to Petitioner's Response. Dkt. 22, 23.

10    The Court determined that, in the Reply, Respondent argued, for the first time, the

11    Petition is moot because Petitioner had received the relief requested in the Petition. *See* Dkt. 24.

12    The Court allowed Petitioner to file a supplemental response to the Reply. *Id*. On October 24,

13    2019, Petitioner filed the Supplemental Response and Respondent filed a Supplemental Reply on

14    November 1, 2019. Dkt. 25, 26.

15    **II.    Discussion**

16    Petitioner presents his action as a constitutional challenge to the 2005 revisions to RCW

17    71.09.090 ("2005 Amendments"). *See* Dkt. 5, 17, 25. For habeas purposes, Petitioner's claim is

18    limited to the question of whether the state supreme court's decision was contrary to, or an

19    unreasonable application of, clearly established federal law. Thus, this will be the only question

20    reviewed by this Court.

21    A.    Legal Standard

22    Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may not grant habeas relief on the

23    basis of a claim adjudicated on the merits in state court unless the adjudication "resulted in a

24    decision that was contrary to, or involved an unreasonable application of, clearly established

1  Federal law, as determined by the Supreme Court of the United States." In interpreting this

2  portion of the federal habeas rules, the Supreme Court has ruled a state decision is "contrary to"

3  clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion

4  opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts

5  "materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite

6  result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

7      Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply

8  because that court concludes in its independent judgment that the relevant state-court decision

9  applied clearly established federal law erroneously or incorrectly. Rather, that application must

10 also be unreasonable." *Id*. at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An

11 unreasonable application of Supreme Court precedent occurs "if the state court identifies the

12 correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts

13 of the particular state prisoner's case." *Williams*, 529 U.S. at 407. In addition, a state court

14 decision involves an unreasonable application of Supreme Court precedent "'if the state court

15 either unreasonably extends a legal principle from [Supreme Court] precedent to a new context

16 where it should not apply or unreasonably refuses to extend that principle to a new context where

17 it should apply.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Williams*, 529

18 U.S. at 407).

19      The Anti-Terrorism Effective Death Penalty Act ("AEDPA") requires federal habeas

20 courts to presume the correctness of state courts' factual findings unless applicants rebut this

21 presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, review of

22 state court decisions under §2254(d)(1) is "limited to the record that was before the state court

23 that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

24

Here, Respondent argues (1) Petitioner lacks standing to raise his sole ground; (2) the Petition is moot; and (3) the state court's adjudication of Ground 1 was not contrary to, nor an unreasonable application of, clearly established federal law. *See* Dkt. 14, 22, 26.

B. Factual Background

Petitioner is challenging the state superior court's January 2017 decision to continue his civil commitment. Dkt. 5. Petitioner contends RCW 71.09.090(4) is unconstitutional as applied to his case. *Id*. at pp. 5-6. Specifically, Petitioner argues that, under the statute, Petitioner was prohibited from seeking a release trial based only on his age in violation of his Fourteenth Amendment rights. *Id*.

As discussed above, Petitioner is subject to annual reviews to determine whether he continues to meet the statutory commitment criteria. RCW 71.09.070. Following the annual review, Petitioner is entitled to a show cause hearing to determine whether probable cause exists to order a hearing to determine whether his condition has so changed to warrant an unconditional release hearing. RCW 71.09.090(2). The state supreme court has explained that the State bears the burden of demonstrating probable cause for an SVP's continued civil commitment. *Det. of Petersen v. State*, 145 Wash. 2d 789, 796 (2002). Thus, there are two ways for an SVP petitioner to proceed to a full evidentiary hearing: (1) by showing a deficiency in the State's evidence or (2) by presenting sufficient proof of a changed condition. *Id*. at 798. "[A] change in a single demographic factor, without more, does not establish probable cause for a new trial proceeding," specifically including "a change in the chronological age ... of the committed person." RCW 71.09.090(4)(c).

In this case, Petitioner underwent an annual review in December of 2016. Following the 2016 annual review, on January 27, 2017, the state superior court held a show cause hearing. *See* Dkt. 15-8. At the hearing, the State presented the annual review report, wherein Dr. Kristin

Carlson, Ph.D. opined that Petitioner continues to meet the definition of an SVP. *See id.*; *see also* Dkt. 15-2. Petitioner's counsel argued the State failed to meet its burden, but Petitioner did not submit any evidence of his own to show his condition had "so changed." *See* Dkt. 15-8, pp. 14-15. Petitioner's counsel also generally asserted the 2005 Amendments were unconstitutional. *See id.* at pp. 24-25. In his brief submitted to the state superior court, Petitioner asserted the 2005 Amendments prohibit him from presenting evidence showing he has a low risk of recidivism due to his advanced age. Dkt. 15-5, pp. 11-12. The state superior court concluded Petitioner continued to meet the definition of an SVP and found Petitioner had not shown probable cause for an unconditional release trial. Dkt. 15-7. The state superior court also found the 2005 Amendments to RCW 71.09 do not violate substantive or procedural due process. *Id.* at p. 4. The state superior court continued Petitioner's civil commitment. *Id.* at p. 4.

C. Standing

Respondent first asserts the Petition should be dismissed because Petitioner lacks standing to pursue the sole ground raised in the Petition. Dkt. 14. Under Article III, Section 2 of the Constitution, this Court's subject-matter jurisdiction is limited to deciding "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *see, e.g.*, *Allen v. Wright*, 468 U.S. 737, 750 (1984), *overruled on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). The "irreducible constitutional minimum" of Article III standing contains three elements: (1) the plaintiff must have suffered an "injury in fact;" (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

1       In this case, Respondent argues Petitioner did not put forth evidence showing he no

2  longer qualifies as an SVP due to his advanced age at the 2017 show cause hearing. *Id*. at p. 9.

3  Therefore, the state superior court never had an opportunity during the 2017 show cause hearing

4  to consider whether RCW 71.09.090(4) is unconstitutional as applied to Petitioner. *Id*. In his

5  Response, Petitioner asserts he provided evidence that he no longer meets the statutory definition

6  of an SVP during a 2013 show cause hearing. Dkt. 17. Respondent filed a Reply arguing the

7  2013 hearing is not at issue in this case and, if it were at issue, any issue arising during the 2013

8  hearing is time-barred. Dkt. 22.

9       Initially, the Court notes Petitioner is challenging the state court decision following his

10  2017 show cause hearing. *See* Dkt. 5. In the Petition, Petitioner does not challenge the state court

11  decision following his 2013 show cause hearing. As such, the Court is not persuaded by

12  Petitioner's argument that evidence raised during a 2013 hearing is relevant to the determination

13  in this case.

14       Regardless, the Court finds Respondent has not shown Petitioner lacks standing in this

15  case. Petitioner (1) suffered an injury in fact when he was prohibited from asserting he was

16  entitled to a release trial based solely on his advanced age, (2) there is a causal relationship

17  between his continued confinement and the prohibition against obtaining a release trial based on

18  his advanced age, and (3) if this Court found a constitutional violation, his injury could be

19  addressed by a favorable decision. While Petitioner did not present evidence of his advanced age

20  in an attempt to obtain an unconditional release trial during the 2017 show cause hearing, he

21  raised the issue to the state superior court in pre-hearing briefing. *See* Dkt. 15-5, pp. 11-12.

22  Further, during the 2017 show cause hearing, Petitioner's counsel briefly argued the 2005

23  Amendments to RCW 71.09 are unconstitutional. Dkt. 15-8, pp. 24-25. Therefore, despite

24

1   Respondent's contention, the Court finds the state superior court had an opportunity to make a

2   determination regarding the constitutionality of the 2005 Amendment's prohibition on receiving

3   an unconditional release trial based on a single change is demographics, including age.

4   Accordingly, the Court is not persuaded by Respondent's argument that Petitioner lacks standing

5   to pursue this claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (a document filed *pro se* shall be

6   liberally construed).

7       D.  Mootness

8       In his Reply, Respondent contends Petitioner's challenge to the 2017 show cause order is

9   moot because Petitioner was granted an unconditional release trial in 2018. Dkt. 22, pp. 3-4. The

10  Court allowed supplemental briefing regarding Respondent's mootness argument. *See* Dkt. 24.

11  Petitioner filed a Supplemental Response arguing his Petition is not moot because there is no

12  guarantee Petitioner will receive an unconditional release trial. *Id.*

13      A case becomes moot when "it no longer present[s] a case or controversy under Article

14  III, § 2, of the Constitution." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). To satisfy the case-or-

15  controversy requirement, the parties must have a personal stake in the outcome of the suit

16  throughout "all stages of federal judicial proceedings." *United States v. Verdin,* 243 F.3d 1174,

17  1177 (9th Cir.), *cert. denied,* 534 U.S. 878 (2001). "A habeas petition is moot when the

18  petitioner's claim for relief cannot be redressed by issuance of a writ of habeas corpus by the

19  habeas court." *Stephens v. Yates*, 2010 WL 5314955, at *2 (C.D. Cal. Nov. 15, 2010), *report and*

20  *recommendation adopted*, 2010 WL 5314773 (C.D. Cal. Dec. 15, 2010) (citing *Spencer*, 523

21  U.S. at 7; *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005)).

22      At issue is the state superior court's 2017 decision denying Petitioner an unconditional

23  release trial. *See* Dkt. 5. The state supreme court upheld the state superior court's order declining

24

to hold a trial on whether Petitioner should be unconditionally released from civil commitment as an SVP. Dkt. 15-20. Then, in 2018, Petitioner had his next annual review and show cause hearing. *See* Dkt. 23-4. Following Petitioner's 2018 show cause hearing, the state superior court entered a Corrected Order on Show Cause Hearing, finding the State failed to provide prima facie evidence that a conditional release to a less restrictive alternative is not in Petitioner's best interest or that conditions could not be imposed that would be adequate to protect the community. *Id.* at p. 4. Therefore, in 2018 show cause hearing decision, the state superior court found Petitioner is entitled to an evidentiary hearing and set an unconditional release trial. *Id.*

Petitioner argues the 2005 Amendments violated his rights because he was not able to present evidence showing his advanced age warranted a release trial. *See* Dkt. 5. If the Petition were granted and the Court were to find Petition should receive a release trial based on a single change to his demographics, Petitioner, at most, would receive a release trial. As a release trial is now scheduled, Petitioner has received the relief requested in the Petition.

Petitioner asserts there is no guarantee he will receive the scheduled unconditional release trial. Dkt. 24. He further contends Respondent is "notorious for releasing detainees from custody (if only temporarily) to prevent cases from being heard by the courts." *Id.* at p. 3. The evidence before the Court shows an unconditional release trial is scheduled. *See* Dkt. 23-4. While the unconditional release trial has been continued until April 6, 2020, Petitioner does not cite any evidence showing the unconditional release trial will not occur. *See* Dkt. 15-10. Thus, the Court is not persuaded by Petitioner's argument.

As Petitioner has been granted an unconditional release trial, Petitioner has received relief on the claim raised in the Petition. Therefore, the Petition is moot. *See Calderon v. Moore,* 518 U.S. 149, 150 (1996) (appeal should be dismissed as moot when a court of appeals cannot

1    grant " 'any effectual relief whatever' " in favor of the appellant); *Burnett*, 432 F.3d at 1000-01

2    (habeas petition is moot when a favorable decision of the court would not offer petitioner any

3    relief); *Stephens*, 2010 WL 5314955 at *2 ("Because Petitioner obtained the relief he was

4    seeking from the state court, there is no further relief for this court to grant.").

5         E.   Merits

6         In the Petition, Petitioner asserts the 2005 Amendments violate his Fourteenth

7    Amendment due process rights by prohibiting Petitioner from seeking a release trial based on his

8    age-related decline in risk alone. The Court finds the Petition is moot because Petitioner has

9    obtained the relief requested in his Petition--an unconditional release trial. Regardless, the Court

10   has reviewed the Petition on the merits and finds Petitioner has not shown the state supreme

11   court's decision was contrary to, or an unreasonable application of, clearly established federal

12   law.

13        "[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that

14   requires due process protection." *Addington v. Texas,* 441 U.S. 418, 425 (1979). Civil

15   commitment requires the person committed be both mentally ill and dangerous.  *See, generally,*

16   *Kansas v. Hendricks*, 521 U.S. 346, 356-360 (1997). "Due process requires that the nature of the

17   commitment bear some reasonable relation to the purpose for which the individual is

18   committed."  *Jones v. United States*, 463 U.S. 354, 368 (1983) (quoting *Jackson v. Indiana*, 406

19   U.S. 715, 738 (1972)).  After initial commitment, the Constitution requires that continued

20   detention be "subject to periodic review of the patients' suitability for release." *Jones*, 463 U.S.

21   at 368.  As explained by the Supreme Court:

22        "The committed acquittee is entitled to release when he has recovered his sanity
          or is no longer dangerous," [*Jones,* 463 U.S.] at 368, 103 S.Ct., at 3052; *i.e.*, the
23        acquittee may be held as long as he is both mentally ill and dangerous, but no
          longer.  We relied on *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45

24

L.Ed.2d 396 (1975), which held as a matter of due process that it was unconstitutional for a State to continue to confine a harmless, mentally ill person. Even if the initial commitment was permissible, "it could not constitutionally continue after that basis no longer existed." *Id*., at 575, 95 S.Ct., at 2493.

*Foucha v. Louisiana*, 504 U.S. 71, 77 (1992).

In determining Petitioner's due process rights were not violated, the state supreme court stated:

> Mr. Mitchell also argues that the release statutes violate due process principles both facially and as applied to him, and this court should revisit *McCuistion*, where the court rejected a due process challenge to the same statutes. *See McCuistion*, 174 Wn.2d at 387-95. He reasons that the statues (sic) violates due process rights because, absent a favorable annual evaluation by the Department of Social and Health Services indicating that the detainee is no longer a sexually violent predator, the statutes permit a detainee to show that his mental condition has changed only through evidence of positive response to continuing treatment, disallowing evidence of reduced dangerousness stemming from changed demographics or new science calling into question the original diagnosis that led to commitment.
>
> But a decision of the court will be reconsidered only upon a clear showing that it is both incorrect and harmful. *See Int'l Bd. of Elec. Workers, Local Union 46 v. Trig Elec. Constr. Co.*, 142 Wn.2d 431, 442, 13 P.3d 663 (2000). This court in *McCuistion* considered and rejected arguments similar to Mr. Mitchell's and found them unpersuasive, and it reaffirmed *McCuistion* more recently in *In re Personal Restraint of Meirhofer*, 182 Wn.2d 632, 649-51, 343 P.3d 731 (2015). The court in *McCuistion* acknowledged that under due process principles an individual subject to civil commitment is entitled to release upon a showing that he is no longer mentally ill or dangerous, citing *Foucha v. Louisiana*, 504 U.S. 71, 78, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1990), as Mr. Mitchell does here. *McCuistion*, 174 Wn.2d at 384. But the court held that substantive due process requires only that the State conduct periodic review of the committed person's suitability for release, citing *Jones v. United States*, 463 U.S. 354, 368, 103 S. Ct. 3043, 77 L. Ed. 2d 694 (1983). *Id*. at 385. The court noted that RCW 71.09.090(1) provides that if, in the course of its annual review, the department finds that the individual's condition has changed such that he no longer meets the definition of a sexually violent predator, the secretary of the department must authorize the individual to petition for unconditional discharge, and the court must order an evidentiary hearing upon receipt of the petition. *Id*. at 379-80. The court pointed to this annual review procedure when the detainee in that case speculated that a person who has not participated in treatment or who has a single demographic change, such as age, may nevertheless no longer be mentally ill and dangerous but still remain committed under the statutory scheme. The court observed that "this

1    argument assumes that the annual review process fails to properly identify those
     who are no longer mentally ill and dangerous." *Id.* at 389. The court's decision
2    suggests that the annual review process may lead to a release trial even in the
     absence of participation in a treatment program, a suggestion that is consistent
3    with the practice of the department. When the department undertakes its annual
     review to determine if a committed person no longer meets the definition of a
4    sexually violent predator, it does not limit its inquiry to the type of evidence, such
     as response to treatment, set forth in RCW 71.09.090(4)(b). WAC 388-880-058.
5    The court in *McCuistion* held that the committed person's right to show his
     condition has changed through treatment under the probable cause procedures of
6    RCW 71.09.090(2)(c)(ii) is an additional safeguard that goes beyond the
     requirements of substantive due process. *McCuistion*, 174 Wn.2d at 385. Thus, to
7    the extent Mr. Mitchell seeks additional avenues to dispute the department's
     evaluation and demonstrate he has changed, due process principles are not
8    implicated. Nor does his disagreement with Dr. Carson's evaluation and the
     superior court's findings make out a due process violation. Mr. Mitchell does not
9    show that *McCuistion* should be reconsidered.

10   Dkt. 15-20, pp. 9-11.

11        Here, Petitioner is challenging the state superior court's decision denying Petitioner an

12   unconditional release trial following his 2017 show cause hearing. At the 2017 hearing,

13   Petitioner did not submit any evidence to show that he has "so changed," warranting a release

14   trial. *See* Dkt. 15-8. Therefore, the state superior court found Petitioner did not demonstrate

15   probable cause for a new trial. Dkt. 15-7. Despite not submitting any evidence, Petitioner

16   requested the state superior court make a ruling regarding the constitutionality of RCW

17   71.09.090. *See* Dkt. 15-5, 15-8. In its written order, the state superior court stated, "The court

18   rules that the 2005 amendments to RCW 71.09 do not violate either substantive or procedural

19   due process, as decided by the WA Supreme Court in *State v. McCuistion*, 174 Wn2d 369

20   (2012)." Dkt. 15-7, p. 4 (emphasis added).

21        As stated above, the Fourteenth Amendment's due process clause requires a showing of

22   mental illness and dangerousness and "periodic review of the patients' suitability for release."

23   *See Jones*, 463 U.S. at 368; *Foucha*, 504 U.S. at 77-78.  Although the 2005 amendments ensure

24

1  committed persons do not abuse the system to receive full annual evidentiary hearings every year

2  based solely on a change to a single demographic factor, Washington's SVP statute provides for

3  annual reviews and does not permit continued involuntary commitment of a person who is no

4  longer mentally ill and dangerous. *See Scott v. Talbot*, 2018 WL 3406949, at *3 (W.D. Wash.

5  June 13, 2018), *report and recommendation adopted*, 2018 WL 3405290 (W.D. Wash. July 12,

6  2018) ("the Washington SVP statutory scheme requires the State to prove beyond a reasonable

7  doubt that the SVP is mentally ill and dangerous at the initial commitment hearing and that the

8  State justify continued incarceration through an annual review"); *In re Meirhofer*, 182 Wash. 2d

9  632, 651, 343 P.3d 731, 739 (2015) ("The State is required to review the condition of every

10  detainee at least annually and, when challenged, present prima facie evidence that continued

11  commitment is statutorily and constitutionally appropriate"). Therefore, Petitioner has not shown

12  RCW 71.09.090 fails to comport with due process.

13        Petitioner has also not cited to any clearly established federal law, as determined by the

14  Supreme Court, establishing a right to a release trial based on allegations that a single

15  demographic factor has changed. Without the existence of clearly established federal law, any

16  state court's adjudication of Petitioner's claim cannot be said to be contrary to or an

17  unreasonable application of such law. *See Varghese v. Uribe*, 736 F.3d 817, 821 (9th Cir. 2013)

18  (because there is no Supreme Court authority that squarely addresses petitioner's claim, the state

19  appellate court had no specific rule to apply, so its decision was not an unreasonable application

20  of clearly established Supreme Court precedent); *Yahn v. King*, 2016 WL 69899, at *15 (N.D.

21  Cal. Jan. 6, 2016) (finding a state supreme court's decision was not contrary to, or an

22  unreasonable application of, clearly established federal law where there was no such law

23  regarding whether due process required a civil commitment statute to require a trial within a

24

1    specified time); *Jennings v. King*, 2015 WL 3953702, at * 6-8 (denying due process habeas claim

2    where there was no Supreme Court precedent regarding a claim that an SVP act violated due

3    process).

4          At the 2017 show cause hearing, which is the subject of this Petition, Petitioner did not

5    submit evidence to show he was entitled to a release trial. Therefore, Petitioner has not shown

6    that RCW 71.09.090 is unconstitutional as applied to his case. *See Scott*, 2018 WL 3406949 at

7    *3, n.3 (finding no habeas relief where the petitioner argued only that "there is a possibility in

8    the abstract that his rights could be violated were he to submit to the established statutory

9    scheme"). Further, as RCW 71.09.090 provides additional avenues for Petitioner to obtain a

10   release trial, Petitioner has not shown RCW 71.09.090 violates due process. Importantly,

11   Petitioner has not shown there is clearly established federal law addressing the state's decision

12   related to the 2005 amendments. Petitioner has, thus, failed to show the state court's conclusion

13   finding his due process rights were not violated by the 2005 Amendments was contrary to, or

14   was an unreasonable application of, clearly established federal law, or was an unreasonable

15   determination of the facts in light of the evidence presented in this case. Accordingly, Ground 1,

16   the sole ground raised in the Petition, should be denied.

17   **III.    Evidentiary Hearing**

18         The decision to hold an evidentiary hearing is committed to the Court's discretion.

19   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

20   hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

21   entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

22   available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

23   state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

24

1  entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

2  record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

3  court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

4  hold an evidentiary hearing in this case because, as discussed in this Report and

5  Recommendation, the sole ground raised in the Petition may be resolved on the existing state

6  court record.

7  ## IV.    Certificate of Appealability

8        A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

9  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

10  (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

11  may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

12  constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

13  that jurists of reason could disagree with the district court's resolution of his constitutional

14  claims or that jurists could conclude the issues presented are adequate to deserve encouragement

15  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

16  529 U.S. 473, 484 (2000)).

17        No jurist of reason could disagree with this Court's evaluation of Petitioner's claim or

18  would conclude the issues presented in the Petition should proceed further. Therefore, the Court

19  concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

20  ## V.    Conclusion

21        For the above stated reasons, the Court concludes Petitioner has standing to bring this

22  action. However, as he has been granted an unconditional release trial, this action is moot.

23  Regardless, Ground 1, the sole ground raised in the Petition, should be denied as Petitioner has

24

1  not shown the state courts' adjudication of this ground was contrary to, or an unreasonable

2  application of, clearly established federal law. The Court also finds an evidentiary hearing is not

3  necessary.

4          Therefore, the Court recommends the Petition be denied and a certificate of appealability

5  not be issued. As the Court finds a certificate of appealability shall not be issued, the Court

6  recommends any request for leave to proceed *in forma pauperis* on appeal be denied.

7          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

8  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

9  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

10 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

11 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

12 December 13, 2019 as noted in the caption.

13         Dated this 26th day of November, 2019.

14

15         _____

16         David W. Christel
           United States Magistrate Judge

17

18

19

20

21

22

23

24